**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT


**No. 19-2140**


PAUL C. CLARK, SR.; REBECCA DELORME; PAUL CLARK, JR.,

Creditors – Appellants,

v.

COUNCIL OF UNIT OWNERS OF THE 100 HARBORVIEW DRIVE
CONDOMINIUM,

Debtor – Appellee.


**No. 19-2183**


PAUL C. CLARK, SR.; REBECCA DELORME; PAUL CLARK, JR.,

Creditors – Appellees,

v.

COUNCIL OF UNIT OWNERS OF THE 100 HARBORVIEW DRIVE
CONDOMINIUM,

Debtor – Appellant.


Appeals from the United States District Court for the District of Maryland, at Baltimore.
Stephanie A. Gallagher, District Judge.  (1:18-cv-03542-SAG)

Submitted:  December 11, 2020                    Decided:  May 27, 2021

---

Before KING, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brennan C. McCarthy, BRENNAN MCCARTHY & ASSOCIATES, Annapolis, Maryland, for Appellants/Cross-Appellees.  Paul Sweeney, James R. Schraf, Lisa Yonka Stevens, YUMKAS VIDMAR SWEENEY & MULRENIN, LLC, Columbia, Maryland, for Appellee/Cross-Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These cross-appeals arise from the Chapter 11 bankruptcy proceedings in the District of Maryland of the Council of Unit Owners of the 100 Harborview Drive Condominium (the "Council"), an unincorporated condominium association. The other parties to these appeals are Paul C. Clark, Sr., and his family members Rebecca Delorme and Paul Clark, Jr. (collectively, the "Creditors"). The Creditors filed claims against the Council — seeking more than $25 million — related to property damage to the Creditors' penthouse unit ("Unit PH4A") in a 29-story, 249-unit condominium building managed by the Council at Baltimore's Inner Harbor. The elder Clark had purchased Unit PH4A as a family residence, but the unit sustained water, mold, and other damage that rendered it uninhabitable.

In early 2018, the bankruptcy court disposed of various summary judgment motions by, inter alia, awarding summary judgment to the Council on the Creditors' claims under the Fair Housing Act (the "FHA") and awarding summary judgment to the Creditors insofar as they claimed that the Council breached its duty to maintain and repair Unit PH4A after February 23, 2012. In April 2018, following a four-day trial, the court entered a Preliminary Order Regarding Creditors' Damages Claim. *See In re Council of Unit Owners of the 100 Harborview Drive Condo.*, No. 1:16-bk-13049 (Bankr. D. Md. Apr. 10, 2018), ECF No. 862 (the "Preliminary Damages Order"). By its Preliminary Damages Order, the court found that the Creditors were entitled to damages for repairs and the loss of use of Unit PH4A. The court awarded the Creditors $731,000 in damages as of February 23, 2018, plus $6,000 per month beginning on February 24, 2018 and "pending Unit PH4A

3

being substantially remediated." *Id.* at 33. The court specified that "this monthly amount is subject to adjustment upward or downward based on the parties' cooperation in completing the remediation." *Id.* Consequently, the court designated its "Order as a preliminary ruling, subject to a final Order once all damages are ascertained." *Id.*

On the same day that it entered its Preliminary Damages Order, the bankruptcy court also entered an Order Confirming Debtor's Fifth Amended Plan of Reorganization. *See In re Council of Unit Owners of the 100 Harborview Drive Condo.*, No. 1:16-bk-13049 (Bankr. D. Md. Apr. 10, 2018), ECF No. 861 (the "Confirmation Order"). The court thereby established the Council's obligations on claims other than the Creditors' claims. The Creditors did not request a stay of the implementation of the reorganization plan (the "Confirmed Plan") approved by way of the Confirmation Order.

Over the months that followed, the Council paid more than $2.8 million on its obligations pursuant to the Confirmed Plan. Meanwhile, the bankruptcy court entertained status reports and conducted an evidentiary hearing on the remediation of Unit PH4A. In October 2018, the court entered a Final Order Regarding Creditors' Damages Claim, awarding the Creditors a total of $750,552, including $19,552 in damages incurred after February 23, 2018. *See In re Council of Unit Owners of the 100 Harborview Drive Condo.*, No. 1:16-bk-13049 (Bankr. D. Md. Oct. 16, 2018), ECF No. 975 (the "Final Damages Order").

Following the bankruptcy court's entry of the Final Damages Order, the Creditors and the Council each appealed to the district court under 28 U.S.C. § 158(a). The Creditors' arguments included that they were entitled to greater damages, including

recovery on their FHA claims. For its part, the Council contended that it should have been ordered to pay less in loss-of-use damages and nothing in repair costs.

In September 2019, the district court dismissed the Creditors' appeal, explaining in a Memorandum Opinion that the appeal was equitably moot. *See Clark v. Council of Unit Owners of the 100 Harborview Drive Condo.*, No. 1:18-cv-03542 (D. Md. Sept. 25, 2019), ECF No. 22. Specifically, the court applied the four-factor test for equitable mootness and concluded that "all four factors cut in favor of dismissing the appeal." *Id.* at 5 (citing *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)). The court so ruled because the Creditors "did not attempt to stay the implementation of the Confirmed Plan" pending entry of the Final Damages Order, there had been "substantial consummation" of the Confirmed Plan since its effective date, and the relief sought by the Creditors on appeal threatened to both "nullify the success that ha[d] already been achieved under the Confirmed Plan" and "harm the interests of third-party creditors and other unit owners." *Id.* at 5-11.

Shortly thereafter, in October 2019, the district court disposed of the Council's appeal by affirming the bankruptcy court's damages award to the Creditors, for reasons the district court explained in a second Memorandum Opinion. *See Clark v. Council of Unit Owners of the 100 Harborview Drive Condo.*, No. 1:18-cv-03542 (D. Md. Oct. 2, 2019), ECF No. 25. The district court assessed the Preliminary Damages Order and the Final Damages Order under the applicable standards — reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law de novo — and discerned no

5

reversible error. *Id.* at 3-8 (citing *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992), for standard of review).

The parties timely noted these further cross-appeals, and we possess jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. In the Creditors' appeal from the dismissal of their prior appeal, we review the district court's equitable mootness ruling for abuse of discretion, as that is the standard advocated by the parties. *But see In re Bate Land & Timber LLC*, 877 F.3d 188, 195 n.5 (4th Cir. 2017) (observing that this Court "has declined to decide whether we review an equitable mootness determination de novo or for abuse of discretion"). In the Council's appeal from the affirmance of the damages award, "we apply the same standard of review that was applied by the district court" and thus "review the bankruptcy court's legal conclusions de novo" and "its factual findings for clear error." *See Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020). Having thoroughly examined the record of these proceedings and carefully considered the parties' appellate briefs, we are satisfied to affirm the district court in each appeal.[*]

*AFFIRMED*

---

[*] In resolving the Council's appeal, we reject the Creditors' arguments that the Council lacks standing to appeal and that it waived the right to dispute the amount of the damages awarded to the Creditors.